UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID TRONCOSO, et al., | Civil Action No. 23-16053 (KMW) |
| Petitioners, | |
| v. | MEMORANDUM OPINION |
| NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY, et al., | |
| Respondents. | |

This matter comes before the Court on the amended habeas petition filed by Petitioners David and Melody Troncoso which seeks to challenge the placement of their children into New Jersey's foster care system. (ECF No. 7.) Also before the Court is Petitioners' emergency motion through which Petitioners seek to receive the "restoration" of their "property" – by which they mean their children. (ECF No. 9.) As Petitioners have paid the applicable filing fee in this habeas matter, this Court is required to screen their petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases[1] and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to

---

[1] In their amended petition, Petitioners appear to contend that 28 U.S.C. § 2241 would govern this matter. (*See* ECF No. 7 at 5.) As it appears from the allegations in the amended petition that the children were taken into custody pursuant to state court proceedings and their being taken was affirmed by the order of a New Jersey family court judge, this matter instead arises under the more specific statute, 28 U.S.C. § 2254, which applies to alleged custody in violation of the constitution arising from state court proceedings. As Rule 4 of the Rules Governing Section 2254 Cases applies equally to § 2241 matters pursuant to Rule 1(b), and the jurisdictional fault discussed in this memorandum opinion applies to all habeas proceedings, this Court's reasoning would apply equally to the extent Petitioners might argue that § 2241 should apply.

dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

According to the amended petition, state officials sought to remove Petitioners' children from their home On August 14, 2023. (ECF No. 7-1 at 1.) The following day, Petitioner David Troncoso appeared before a Superior Court judge, who ordered Petitioner to bring his children to an office of the New Jersey Division of Child Protection and Permanency (DCPP). (*Id.*) Interviews were conducted of Petitioners and the children, and the children were taken into DCPP's custody and removed from Petitioners. (*Id.* at 2.) A further hearing was held on September 18, 2023, and the Superior Court judge upheld the removal of the children and denied Petitioners' application for relief from that removal. (*Id.*) Petitioners' children remain in DCPP custody, although it is not clear if they have been placed into foster care or some other setting. (*Id.*) Petitioners now seek to use this habeas petition to challenge the taking of their children from their custody.

This Court's habeas jurisdiction is not unlimited. This Court only has jurisdiction under the federal habeas statutes to hear the habeas petitions of those who are "in custody." *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241. Although custody for habeas purposes encompasses more than mere criminal detention, the "in custody" requirement will only be met where the petition is "subject both to significant restraints on liberty . . . which were not shared by the public generally, along with some type of continuing governmental supervision." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). Habeas jurisdiction, "has never been available to challenge parental rights or child custody," however. *Lee v. Chan*, No. 23-1133, 2023 WL 4758453, at *1 (3d Cir. July 26, 2023) (quoting *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982). A parent may therefore not use a habeas petition to relitigate their own interest in their parental

2

rights, nor to have the federal courts interfere in state court child custody matters. *Id.*; *Lehman*, 458 U.S. at 511-16; *see also Middleton v. The Attorneys Gen. of the States of New York and Pennsylvania*, 396 F.3d 207, 209-10 (2d Cir. 2005) (federal courts do not have habeas jurisdiction to review "a state court's child-custody determination," and placement of a child into state foster care does not qualify as custody sufficient to support habeas jurisdiction); *Roundtree v. New Jersey*, No. 17-581, 2017 WL 507597, at *3 (D.N.J. Feb. 7, 2017) ("habeas jurisdiction does not exist to challenge" state court child custody determinations). The Supreme Court has firmly rejected the concept that placement into state child-care custody, such as foster care, amounts to custody for habeas purposes as children in state foster care or similar situations are placed in a situation that "differs little from the situation of children in public generally; they suffer no unusual restraints not imposed on other children." *Lehman*, 458 U.S. at 510-11. A child's placement into foster care or other state controlled child-care thus does not serve as a form of "custody" sufficient to support habeas jurisdiction. *Id.*

In this matter, Petitioners are not themselves in custody. Instead, they seek to use this matter to relitigate their loss of custody over their children. Their petition thus clearly seeks to vitiate their own parental rights. Such a suit lays far beyond the limits of habeas jurisdiction, and this Court thus lacks jurisdiction to consider their amended petition. *Id.* Even were the Court to look beyond Petitioners themselves, and act as if Petitioners had brought their petition on behalf of their children rather than themselves, that their children have been placed into foster care or similar state-run care does not constitute custody sufficient to warrant habeas relief. *Id.* As neither Petitioners nor their children, to the extent the amended habeas petition can be said to have been brought on their behalf, are sufficiently "in custody" to support a habeas claim, this Court lacks jurisdiction over this habeas matter and it must be dismissed without prejudice as a result. Because

3

the amended habeas petition shall therefore be dismissed without prejudice for lack of jurisdiction, Petitioner's motion (ECF No. 9) shall be dismissed as moot.

Finally, the Court notes that a petitioner may not appeal a final decision in a habeas proceeding arising out of a state court decision without first acquiring a certificate of appealability ("COA"). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because "*Lehman* . . . forecloses [a] habeas petition" challenging child custody, reasonable jurists could not debate this Court's dismissal of this matter for lack of jurisdiction. *Middleton*, 396 F.3d at 209-10. Petitioners are therefore denied a certificate of appealability as to the dismissal of their petition for lack of jurisdiction.

In conclusion, Petitioner's amended habeas petition (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, Petitioners are **DENIED** a certificate of appealability, and Petitioners' emergency motion (ECF No. 9) is **DISMISSED AS MOOT** in light of the dismissal of the amended petition. An appropriate order follows.

/Hon. Karen M. Williams,
United States District Judge

4